Filed 4/25/13  P. v. Fajardo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B241250 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. SA077865) |
| RICARDO FAJARDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ricardo Fajardo appeals from the judgment entered following his conviction by jury on three counts of second degree robbery. (Pen. Code, § 211.)[1] We affirm.

On November 11, 2008, around 9:00 p.m., Bryan Beaulieu and two friends were sitting in Beaulieu's truck parked outside a Rite Aid in Santa Monica, smoking cigarettes. The parking lot was dimly lit, and there were no other people or cars around. A man entered the parking lot and asked them if he could have a cigarette. Beaulieu handed the man a cigarette and a lighter. The man put the cigarette in his mouth, lit it, handed the lighter back, took one puff and then threw the cigarette on the ground. He then pulled a gun from his waistband, pointed it at Beaulieu and his friends, and demanded money. They gave him money and a wallet.

After the man left, Beaulieu moved his truck to the front of the store and asked the clerk in the store to call the police. About five minutes later, Santa Monica Police Officer Coyin Chang arrived. Beaulieu and his friends showed Officer Chang where they had been parked. The parking lot was still empty. When they showed Officer Chang the parking space they had been in, they saw the barely smoked cigarette on the ground next to where they had been parked, near their own cigarette butts, and in the same area where they saw the man drop the cigarette. They recognized it because it was barely smoked, and there were no other partially smoked cigarettes on the ground. Beaulieu and his friends were uncertain about the type of cigarette they had been smoking, and Beaulieu's testimony and statements to the police were inconsistent.

Beaulieu described the suspect to Officer Chang as a Hispanic man in his early 20's, medium build, approximately six feet tall, with facial hair and wearing a dark grey hoodie and a black and grey beanie. Beaulieu was not able to identify

---

[1]     All further statutory references are to the Penal Code.

2

appellant as the suspect at either the preliminary hearing or at trial, testifying at trial that he did not know whether appellant was the suspect.

Officer Chang booked the partially smoked cigarette into evidence. In June 2011, the state Department of Justice notified Detective Chad Goodwin that the DNA sample from the partially smoked cigarette matched appellant's DNA profile. The estimate of the frequency of such a match was one in one trillion unrelated individuals.

Detective Goodwin arrested appellant and obtained a DNA sample from him. Detective Goodwin showed Beaulieu a photographic lineup containing appellant's picture, but he was unable to identify appellant and instead identified someone else as the suspect.

Appellant was charged by information with three counts of second degree robbery. The information further alleged that appellant personally used a firearm pursuant to sections 12022.53, subdivision (b), 1203.06, subdivision (a)(1), and 12022.5, subdivision (a). Appellant entered not guilty pleas and denied the special allegations. The jury found appellant guilty of all three counts and found the special allegations to be true.

Appellant filed a motion for new trial, which the trial court heard and denied. The court sentenced appellant on count 1 to the high term of 5 years, plus 10 years for the section 12022.53, subdivision (b) firearm enhancement, for a total of 15 years, with the sentences on counts 2 and 3 to be run concurrently. Appellant filed a timely notice of appeal.

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

3

On October 29, 2012, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




SUZUKAWA, J.

4